**John D. Ostrander, OSB No. 87394**
john@eoplaw.com
**Sonia A. Montalbano, OSB No. 970821**
sonia@eoplaw.com
**William A. Drew, OSB No. 95253**
billd@eoplaw.com
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 SW Washington St., Suite 1500
Portland, Oregon 97205
Telephone: (503) 224-7112
Facsimile: (503) 224-7819

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JON MURPHY, ELSBETH MURPHY, CHERYL MORRIS, AND HOLLY PETERSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESTIGE CARE, INC., PRESTIGE SENIOR LIVING, LLC, and CHP TUALATIN-RIVERWOOD OR TENANT CORP.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br>(Wages; Breach of Contract; Quantum Meruit)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege:

## NATURE OF ACTION

1.

Plaintiffs, former employees of Defendants are suing on behalf of a proposed class of all

Page 1 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.
UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

present and former, non-exempt, hourly wage staff members who worked at Defendants' assisted living care facilities. Plaintiffs bring suit to recover back pay, statutory, compensatory and punitive damages as a result of Defendants' widespread practices of requiring, encouraging or allowing their hourly employees to work off the clock and without due compensation.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331, and 29 U.S.C. section 216. This action is brought, in part, pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. section 216. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 over state law claims raised herein.

3.

Venue is proper here pursuant to 28 U.S.C. section 1391(a) in that Defendants are subject to personal jurisdiction in this District and thus reside in the District within the meaning of 28 U.S.C. section 1391(c).

## FACTS AND BACKGROUND

4.

At all material times, Defendants were registered to do business in the State of Oregon, and are employers within the meaning of ORS 652.310(1).

5.

At all material times, Defendants operated Riverwood Care Facility, an assisted living center in Tualatin, Oregon (hereinafter, "Riverwood").

6.

At all material times, Plaintiffs were Oregon residents over the age of 18 years, employed

Page 2 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

at Riverwood by Defendant in the State of Oregon. Plaintiffs were not exempt from overtime, and were paid on an hourly basis.

7.

Defendants, through their agents and managers have engaged in a practice of encouraging, requiring, or permitting hourly workers to engage in work off the clock.

8.

At all times pertinent hereto at Riverwood, non-exempt employees, such as Plaintiffs, were not paid for all hours worked. They routinely worked late (after clocking out), without recording overtime, or clocked out over lunch. Plaintiffs were not paid for these hours worked.

9.

All of Defendants' non-exempt, hourly staff during the relevant time period were subject to the same payroll and non-payment policies.

10.

All non-exempt staff employees in the State of Oregon during the relevant time period are similarly situated with respect to their off the clock work, misstated time records, and other payroll policies and practices.

11.

This suit is brought as a collective action, pursuant to the Fair Labor Standards Act, 29 U.S.C. section 216(b). Plaintiffs seek to allow all former and current individuals employed as non-exempt, hourly staff at Riverwood since 2014 to join the action.

12.

Upon information and belief, the proposed class consists of over 100 current and former employees.

Page 3 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

13.

A class of over 100 is so numerous that joinder of all such individuals in a single suit is impractical.

14.

Common issues of law and fact exist and will predominate over purely individual questions in this litigation. Such common issues include, but are not limited to the following:

A. Who is the legal employer?
B. Whether each Defendant is an "employer" as that term is defined by each of the relevant statutes?
C. Whether the managers are Defendants' respective agents, sufficient to impute their knowledge to Defendants?
D. Did Defendants encourage, require, or permit the Class members to work off the clock through lunch, or after work?
E. Whether Defendants have engaged in a pattern or practice of encouraging, requiring, or permitting employees to work off the clock?
F. Were the Class members entitled to compensation for their lunch time work or postliminary activities?
G. Did Defendants adequately keep records of time Class members worked, specifically during or after paid work shifts? Did Defendants maintain accurate archive or other electronic records relating to wage and hour time?
H. Are Plaintiffs entitled to injunctive relief requiring Defendants to pay Class members compensation for extra time spent working before and after scheduled paid shifts?
I. Are the claims time barred? What is the applicable statute of limitations?
J. Whether the Class members are entitled to statutory penalties?
K. Whether the Class members are entitled to overtime payments?
L. Whether the Class members are entitled to an award of prejudgment interest?
M. Is the Class counsel entitled to an award of attorney fees?

15.

On information and belief, no other litigation against Defendants has been brought by Class members asserting the claims asserted on behalf of the class herein.

/ / /

Page 4 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.
UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

16.

A class action is superior to other available methods of resolving the controversy.

## CAUSES OF ACTION

### FIRST CLAIM
### (Fair Labor Standards Act, 29 U.S.C. §216)

17.

Plaintiffs incorporate the allegations of paragraphs 1 through 16.

18.

As a result of off the clock work, the specified Plaintiffs, on behalf of themselves and on behalf of others similarly situated, regularly worked in excess of their scheduled shift without receiving appropriate due and owed compensation.

19.

Upon information and belief, Defendants failed to accurately and completely record the times worked by Plaintiffs.

20.

As a result of this misconduct by Defendants, Plaintiffs are entitled to lost wages, overtime pay, liquidated damages, costs and attorney's fees, and prejudgment interest, in an amount to be proved. In addition, Plaintiffs seek declaratory or injunctive relief prohibiting Defendants from engaging in practices whereby employees are permitted, encouraged, or required to work without due compensation.

### SECOND CLAIM
### (Oregon Wage Payment Statutes)

21.

Plaintiffs incorporate the allegations of paragraphs 1 through 20.

Page 5 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

22.

As a result of off-the-clock work within the State of Oregon, hourly employees of Defendants, including the named Plaintiffs, were not paid all wages due to them on their regular paydays, in violation of O.R.S. 652.120, and were not paid all wages due to them upon termination of their employment, in violation of O.R.S. 652.140.

23.

Many of Defendants' hourly employees in the State of Oregon have been discharged, have quit after providing notice, or have quit without providing notice in the relevant time period (collectively, "former employees").

24.

Wages for work performed off the clock was not paid to the former employees in violation of ORS 652.140.

25.

Defendants' failure to pay wages due was willful, intentional and malicious.

26.

As a direct and proximate result of Defendants' failure to pay wages, their hourly employees in the State of Oregon have suffered damages in the forms of lost wages and lost use of such wages, penalties, prejudgment interest, costs and attorneys' fees.

### THIRD CLAIM
### (Breach of Contract)

27.

Plaintiffs incorporate the allegations of paragraphs 1 through 26.

/ / /

Page 6 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@coplaw.com

28.

Defendants hired the Class on an hourly basis, and agreed to pay them an hourly rate for all time that they worked.

29.

By coercing employees to work off the clock and by failing to maintain accurate time records, Defendants failed to pay employees all the wages and compensation due to the employees for work performed, in breach of their contract with those employees.

30.

As a direct and proximate result of Defendants' breach of their agreement with employees, such employees have sustained damages in the form of lost wages, compensation and benefits, and prejudgment interest.

### FOURTH CLAIM
(Unpaid Overtime)

31.

Plaintiffs incorporate the allegations of paragraphs 1 through 30.

32.

As a result of off-the-clock work which was known to or permitted by Defendants, employees have regularly worked in excess of 40 hours per week without being compensated at one and one half times their regular rate of pay for those hours, in violation of Oregon law.

33.

Defendants have failed to keep the records required by ORS 653.045, or have kept incomplete or inaccurate records.

Page 7 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

34.

Defendants have failed to provide accurate wage statements to its Oregon employees, including plaintiffs, in violation of OAR 839-020-0012.

35.

As a direct and proximate result of Defendants' violations, class members, including the specified plaintiffs, have suffered damages in the form of lost wages and owed compensation, penalties and prejudgment interest.

**FIFTH CLAIM**
**(Quantum Meruit and Unjust Enrichment)**

36.

Plaintiffs incorporate the allegations of paragraphs 1 through 26, and 31 through 35.

37.

Plaintiffs have performed "off-the-clock" work for Defendants. Such work was known or permitted by Defendants, and benefited Defendants. Defendants were and are aware of the benefits they received from such off-the-clock work.

38.

Plaintiffs have not been compensated or paid for performing such work.

39.

It would be unjust for Defendants to retain the benefits conferred upon them by the Class members, including the specified Plaintiffs.

40.

Plaintiffs are entitled to the reasonable value of the benefits they conferred upon Defendants.

Page 8 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com

WHEREFORE, Plaintiffs respectfully request the Court to grant relief and enter judgment as follows:

1. That the action proceed as a collective action pursuant to 29 U.S.C. section 216(b) as to claims under the Fair Labor Standards Act;

2. That the action proceed as a class action pursuant to F.R.C.P. 23 as to the remaining claims;

3. For an award of compensatory damages;

4. For an award of liquidated and exemplary damages, and / or for civil penalties pursuant to federal and state statutes;

5. For declaratory or injunctive relief prohibiting Defendants from engaging in practices whereby employees are permitted, encouraged, or required to work without due compensation;

6. For an award of attorneys' fees and costs;

7. For an award of prejudgment interest; and

8. For trial by jury as to all issues and claims for which a right to jury trial exists.

DATED this 22 day of March 2017.

ELLIOTT, OSTRANDER & PRESTON, P.C.

By _____
John D. Ostrander, OSB No. 87394
Sonia A. Montalbano, OSB No. 970821

Page 9 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.
UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
e-mail: attorneys@eoplaw.com