THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON MURPHY, et al.,

        Plaintiffs,

v.

PRESTIGE SENIOR LIVING, LLC,

        Defendant.

No. 3:17-cv-0467-PK

**ORDER**

**PAPAK, Magistrate Judge:**

Plaintiffs Jon Murphy, Elsbeth Murphy, Cheryl Morris, and Holly Peterson bring this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(c), on behalf of themselves and on behalf of former and current non-exempt hourly staff employed by Defendant Prestige Senior Living, LLC since 2014. Plaintiffs allege that while working at Defendant's Riverwood Care Facility (Riverwood), an assisted living center in Tualatin, Defendants encouraged, required, or permitted hourly workers to work "off the clock," and did not pay hourly workers

Page -1-   ORDER

who worked late or during lunch. Plaintiffs allege that the proposed collective action or class comprises more than 100 current and former employees of Defendant.

The parties now dispute two of Plaintiffs' discovery requests. I grant the requests as follows.

## BACKGROUND

I quote Plaintiffs' disputed discovery requests and Defendant's responses:

REQUEST NO. 1: Electronic data reflecting the name and last known addresses of all current hourly wage employees of Defendant, who have worked at any time at Defendant's Riverwood care facility, in the State of Oregon ("Current Employees"). In the alternative, if there is no electronic data base, Plaintiff would request responsive written documents.

RESPONSE: Defendants object to this request on the grounds it is overly broad, burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Further, defendants object to this request on the grounds it seeks highly confidential and privileged information regarding individuals not parties to this action and would unduly invade the privacy interests of these individuals. Nevertheless, and without waiving said objection, defendants will produce responsive documents regarding the four named plaintiffs in this action.

REQUEST NO. 2: Electronic data reflecting the name and last known addresses of all former hourly wage employees of Defendant, who have worked at any time at Defendant's Riverwood care facility, in the State of Oregon ("Former Employees"). In the alternative, if there is no electronic data base, Plaintiff would request responsive written documents.

RESPONSE: Defendants object to this request on the grounds it is overly broad, burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Further, defendants object to this request on the grounds it seeks highly confidential and privileged information regarding individuals not parties to this action and would unduly invade the privacy interests of these individuals. Nevertheless, and without waiving said objection, defendants will produce responsive documents regarding the four named plaintiffs in this action.

## DISCUSSION

"The FLSA grants employees a private right of action to enforce the minimum wage and overtime provision of the FLSA. An action may be brought by employees, not only on their own

behalf, but also on behalf of 'other employees similarly situated.'" *Hensley v. Eppendorf N. Am., Inc.*, No. 14-cv-419-BEN (NLS), 2014 WL 2566144, at *2 (S.D. Cal. June 6, 2014) (citing 29 U.S.C. § 216(b)). Therefore, to obtain certification of a collective action under the FLSA, Plaintiffs must show they are "similarly situated" to the potential plaintiffs. "As a result, identifying the potential Plaintiffs is certainly essential, and therefore relevant, to this inquiry, as it is in connection with class certification under [Federal Rule of Civil Procedure] 23." *Sargant v. HG Staffing, LLC*, No. 3:13-cv-00453-LRH, 2014 WL 1653273, at *3-4 (D. Nev. April 23, 2014). This court has "broad discretion to control the class certification process," and "'[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)).

Here, Defendant objects that Plaintiffs' requests are overly broad, and do not include a time limitation. In light of the FLSA's requirements for bringing a collective action, I find that Plaintiffs' requests are reasonable when limited to contact information for current and former hourly employees at Riverwood since 2014. *See* Am. Compl. ¶ 11, ECF No. 17. To avoid potential privacy issues, Plaintiffs state that they would "agree to a protective order limiting the use of the information to this lawsuit, and Plaintiffs would agree to confidentially destroy the information after conclusion of the case."

Within fourteen days from the date of this Order, the parties are to confer and agree on an appropriate protective order to preserve the privacy of Defendant's current and former employees. Within twenty-one days from the date of this Order, Defendant are to provide Plaintiffs' counsel, in a standard electronic format or, if necessary, in writing, a list of the names,

Page -3-   ORDER

addresses, telephone numbers, email addresses, and dates of employment for all current or former hourly wage employees who worked at Riverwood since 2014.

Dated this 15th day of June, 2017.

_____
Honorable Paul Papak
United States Magistrate Judge

Page -4-  ORDER